HENRY COLTON, APPELLANT, *v.* ZACHARIAH E. SIMMONS AND OTHERS, RESPONDENTS.

*Taxation of costs—stenographer's fees—cannot be taxed.*

Upon the trial of this action before a referee, the attorneys for the respective parties agreed, for convenience, to employ a stenographer to take the minutes, each party to pay one-half of the expenses of his so doing. The defendant having been successful, claimed upon presenting his bill of costs for adjustment, to be allowed the sum of $1,847 paid by him to the stenographer.

*Held,* that the item was properly rejected by the clerk, that such item was not a disbursement within the meaning of the law regulating the adjustment of costs.

APPEALS from orders of the Special Term directing certain referee's and stenographer's fees to be adjusted by the clerk as disbursements in the action.

*F. H. Pulz*, for the appellant.

*W. D. Herman*, for the respondents. .

DAVIS, P. J.:

On the 20th day of December, 1869, the appellant and one Samuel D. Dickinson as plaintiffs, commenced an action in this court against the respondent for the purpose of securing a dissolution of a part ownership and a sale of the property owned and enjoyed on a joint account.

On the third day of October, 1870, the appellant alone commenced this action against the respondents for an accounting of the part ownership, but including also the interests of the parties in the State lottery of Louisiana in which they were concerned. The two cases were by an order of this court, made in them severally, on the 29th of June, 1872, referred to the Hon. C. A. Peabody as sole referee to hear and determine the same. It appears that the first meeting at which any step was taken before the referee, was on the 13th of November, 1873, and it was then agreed by the respective counsel present that the two cases should be tried together, and the titles of both were thereupon entered in the referee's minutes. The affidavit of the attorney, Mr. Pulz, shows, and in this he is sustained by the affidavit of the referee, that it was at that meeting agreed between the respective counsel that all the testimony, oral and documentary, taken or offered upon the trial, should apply so far as practicable to both cases then on trial, and this agreement was made in the hearing and presence of the referee. The affidavit of Mr. Pulz further states that there was no stenographer present at this hearing, and it was agreed between the attorneys that for convenience a stenographer should be employed, and that each party should pay one-half of the expenses of reporting the testimony. This statement is substantially admitted by the respondents, but it is asserted on their part that it was not entered upon the stenographer's minutes until

a considerable portion of the testimony in the case had been taken. Everything in the papers tend to show that the cases thenceforwards proceeded *pari passu*, the testimony being taken in and for each by the stenographer, and the referee acting simultaneously as such in both cases. Pending the trial a settlement was made between the parties of that part of the controversy in the action of Colton and Dickinson in relation to the state lottery of Louisiana.

When the plaintiff rested in both suits the defendants moved to dismiss the complaint in this action on the ground as stated in the case, that there was at the time of the commencement of this suit, another suit pending between the parties hereto for the same causes of action set forth in the complaint in this suit, except that the cause or causes of action in this suit stated, relating to lottery grants and franchises in and of the state of Louisiana, and the lotteries based thereon, were not included in the earlier suit.

That since the commencement of this suit the claim or cause of action based upon or relating to lottery grants and lotteries of and in the said State of Louisiana, has been settled between the plaintiff herein and certain of the defendants herein, and said cause of action, and all claim by reason thereof has been ended and withdrawn, so that this suit, as it now stands, is based wholly and exclusively on the cause of action stated and set forth in the earlier suit pending at the time this suit was commenced and now pending. The referee granted the motion and dismissed the complaint with costs against the plaintiff.

The other suit, to wit, that of Colton against Dickinson, is still undetermined and pending before the referee.

On presenting the bill of costs for adjustment to the clerk, the defendants claimed as a disbursement the sum of $1,847, paid by him to the stenographer for his services. The clerk refused to adjust that item on the ground that it was not a taxable disbursement. The Special Term has overruled the decision of the clerk, and directed the taxation of this item. We think the clerk was right in rejecting the item. It was not a disbursement within the meaning of the law regulating the adjustment of costs. The parties for their mutual convenience agreed upon the employment of a stenographer, and that each should pay half the expense of his

services in taking notes of the evidence; he was not rendering any official service, nor was he acting within any provision of the Code which allows the expense in taking notes or furnishing the parties thereto, to be treated as disbursements in the case.

It is very clear that if they had employed, under such mutual agreement, any clerk of ordinary capacity, to take notes for them and furnish them copies of his notes, his services could not be regarded as a disbursement, nor was it ever known under the former system that charges could be made by one party against the other for the taking of notes of the testimony on the trial. The fact that the person thus employed was a stenographer, and used a shorter and easier mode of taking notes, could not make any difference in the rule applicable to the case.

Either party could have employed his own stenographer, and certainly could not have charged the other party with the expense thereby incurred as a disbursement in the action, and the fact that they unite in such employment for the purpose of lessening the expense of each gives no force to the suggestion, that what one pays as his proportion can be taxed against the other on the termination of the action. The clerk was right, therefore, in rejecting the whole of this item, and it is not necessary to go into the inquiry whether it should have been distributed between the two actions then pending and on trial.

The plaintiff claimed also as a disbursement, the sum of $1,340, for referee's fees. The clerk allowed and adjusted this item.

The referee states that that was the amount of his fees up to the time of the dismissal of the complaint in this action, for his services as referee on the trial of both actions, and of that sum $450 have been paid by the plaintiff's attorneys. Of course the $450 should have been deducted, even if the services of the referee were wholly chargeable as disbursements in this action. The Special Term have ordered that to be done, and directed the taxation of the residue of the item, to wit, $889, against the plaintiff. But we think this was erroneous, because upon the papers before us, the referee's services were rendered simultaneously in both actions, and his charges were for services in both. Inasmuch as he held in dismissing the complaint in this case on the ground that the prior action then on trial before him was pending for the same

cause, it must be inferred, even if it had not appeared in the papers, that the evidence taken, whether documentary or oral, was. equally applicable to both actions. There is no difficulty, therefore, in discerning that the referee's services were of equal value to the parties in both actions, and there is also no difficulty in making a proper apportionment of those fees instead of doing what was done in the case. The court should have divided the gross sum of referee's fees into equal parts of $670 each, and allowed one moiety thereof, as taxable in this case, and should have deducted therefrom one-half of the $450, already paid by the plaintiff, to wit, $225, leaving to be properly taxed the sum of $445, as referee's fees in this action.

The order of the court below must be modified accordingly, and as the appellant wholly succeeds upon the questions presented to the court below, he should have $10 costs, besides disbursements of this appeal.

Brady and Ingalls, JJ., concurred.

Order modified as directed in opinion, with $10 costs and disbursements.